## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **ARTHUR PERRY,** | § |
| Plaintiff | § |
| | § |
| v. | § |
| | § |
| **FBP TRUCKING LLC,** | § |
| **FRANK BLANCO,** | § |
| **KRT TRANSPORTATION LLC,** | § |
| **BANK CAPITAL SERVICES, LLC and** | § |
| **GEICO GENERAL** | § |
| **INSURANCE COMPANY,** | § |
| Defendants | § |

JUNE 30, 2017

## COMPLAINT

## THE PARTIES

1.      The Plaintiff, Arthur Perry, is a resident of New London, Connecticut.

2.      At all relevant times, the Defendant, FBP Trucking LLC [hereinafter "FBP"], was and is a New Jersey Domestic Limited Liability Company with its principal place of business in Newark, New Jersey.

3.      At all relevant times, the Defendant FBP owned and operated a trucking company providing transportation and/or shipping services around the country, including in Connecticut.

4.      At all relevant times, the Defendant, Frank Blanco [hereinafter "Blanco"], was and is a resident of Newark, New Jersey.

5.      At all relevant times, the Defendant, KRT Transportation LLC [hereinafter "KRT"], was and is an Ohio Domestic Limited Liability Company with its principal place of business in Dayton, Ohio.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

6.      At all relevant times, the Defendant KRT owned and operated a trucking company providing transportation and/or shipping services around the country, including in Connecticut.

7.      At all relevant times, the Defendant, Bank Capital Services, LLC [hereinafter "Bank Capital"], was and is a Delaware Domestic Limited Liability Company with its principal place of business in Pittston, Pennsylvania.

8.      At all relevant times, the Defendant Bank Capital was engaged in the business of leasing motor vehicles and/or tractor trailer trucks for use around the country, including in Connecticut.

9.      At all relevant times, the Defendant, GEICO General Insurance Company [hereinafter "GEICO"], was and is a Maryland corporation with its principal place of business in Chevy Chase, Maryland.

10.    At all relevant times, the Defendant GEICO provided uninsured and/or underinsured motorist coverage to the Plaintiff, Arthur Perry.

## JURISDICTION

11.    The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the Plaintiff and the Defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

## VENUE

12.    Venue is proper in this District under 28 U.S.C. § 1391 (a)(2) because the event giving rise to this claim occurred this District and because the Plaintiff were caused to suffer personal injuries within this District.

## FIRST COUNT

### Negligence as to FBP Trucking LLC and Frank Blanco

13.     The Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

14.     On October 30, 2015, the Plaintiff, Arthur Perry, was the owner and operator of a motor vehicle entering onto North Frontage Road from an on ramp in New London, Connecticut.

15.     At the same time and place, the Defendant Blanco was the operator of a tractor trailer truck driving on North Frontage Road in New London, Connecticut.

16.     At the same time and place, the Defendant Blanco was operating his tractor trailer truck in the course of his employment, agency, apparent agency and/or servitude with the Defendant FBP Trucking LLC.

17.     At the same time and place, the Defendant Blanco suddenly and without warning drove his tractor trailer truck in reverse on North Frontage Road in the direction of the Plaintiff's vehicle and in the opposite direction of traffic, causing a collision with the Plaintiff's motor vehicle.

18.     Said collision and the resulting injuries and damages to the Plaintiff were caused by the negligence, carelessness, and statutory violations of the Defendant Blanco in that he:

        a.  violated § 14-243 (a) of the Connecticut General Statutes by moving his vehicle from a stopped, standing or parked position when it could not be done with reasonable safety and without interfering with other traffic and/or without signaling;

        b.  violated § 14-243 (b) of the Connecticut General Statutes by backing his vehicle when it could not be done with reasonable safety and without interfering with other traffic;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

c.  violated § 14-240 of the Connecticut General Statutes by failing to
    drive his vehicle a reasonable distance apart from other vehicles;

d.  violated § 14-242 of the Connecticut General Statutes by failing to
    signal his intent to stop and/or suddenly decrease the speed of his
    vehicle on the highway;

e.  violated § 14-251 of the Connecticut General Statutes by parking his
    vehicle on the highway improperly;

f.  violated § 14-274 of the Connecticut General Statutes by operating his
    vehicle when he had been continuously on duty for more than twelve
    hours and/or without having at least eight consecutive hours off duty;

g.  violated § 14-222 of the Connecticut General Statutes by operating his
    vehicle recklessly without due regard for the width, traffic and use of
    the roadway and the conditions then and there existing;

h.  violated § 14-80h of the Connecticut General Statutes by failing to
    equip or maintain his motor vehicle with adequate brakes;

i.  violated § 14-98a of the Connecticut General Statutes by operating his
    motor vehicle with unsafe tires;

j.  violated § 14-296aa(b) of the Connecticut General Statutes by
    operating an electronic device while operating a motor vehicle;

k.  violated § 14-296aa(b)(1) of the Connecticut General Statutes by
    operating a motor vehicle while typing, sending, and/or reading text
    messages from his cellular telephone;

l.  violated 49 C.F.R. §390.3 by failing to comply with all applicable
    regulations as provided in 49 C.F.R. Subtitle B, Chapter III, Subchapter
    B;

m.  violated 49 C.F.R. § 391.11 by operating a commercial motor vehicle
    without meeting driver qualifications;

n.  violated 49 C.F.R. § 391.2 by failing to provide his trucking company
    with the requisite information in his application for employment;

4

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street  ●  P.O. Drawer 1430  ●  New London, CT 06320  ●  Tel. (860) 442-0444  ●  Juris No. 102515

o. violated 49 C.F.R. §391.31 and/or 49 C.F.R. §391.33 by operating a commercial motor vehicle without having successfully completed a road test or equivalent thereof;

p. violated 49 C.F.R. §391.41 by operating a commercial motor vehicle without being physically qualified to do so;

q. violated 49 C.F.R. §392.1 by operating a commercial motor vehicle without complying with 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 392;

r. violated 49 C.F.R. § 392.2 by failing to obey the traffic laws of the state in which he was operating;

s. violated 49 C.F.R. § 392.3 by operating a commercial motor vehicle with impaired ability and/or alertness;

t. violated 49 C.F.R. § 392.7 by failing to complete a pre-trip inspection of: service brakes; trailer brake connections; parking brakes; steering mechanism; lighting devices and reflectors; tires; horn; windshield wiper(s); rear-vision mirror(s) and coupling devices;

u. violated 49 C.F.R. § 392.9 by failing to inspect the commercial motor vehicle's load within the first 50 miles of driving and to reexamine the load after three hours or 150 miles as required by statute;

v. violated 49 C.F.R. § 392.14 by failing to exercise extreme caution while operating a commercial motor vehicle in hazardous conditions;

w. violated 49 C.F.R. § 392.80 by operating a commercial motor vehicle while texting;

x. violated 49 C.F.R. § 392.82 by operating a commercial motor vehicle while using a hand-held mobile phone;

y. violated 49 C.F.R. § 393.1 by operating a commercial motor vehicle that was not in compliance with the requirements of 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 393, including but not limited to, Subpart C- Brakes;

z. violated 49 C.F.R. § 395.3 by failing to comply with requirements regarding rest periods and maximum consecutive driving hours;

aa. violated 49 C.F.R. § 395.8 by failing to maintain a driver duty status record;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

bb. violated 49 C.F.R. §396.1 by failing to comply with the requirements of 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 396 regarding inspection, repair and maintenance;

cc. violated 49 C.F.R. § 396.7 by operating a motor vehicle in an unsafe condition;

dd. violated 49 C.F.R. § 396.13 by failing to inspect said commercial motor vehicle prior to operation;

ee. moved his vehicle from a stopped, standing or parked position when it could not be done with reasonable safety;

ff. backed up his vehicle when it could not be done with reasonable safety;

gg. failed to drive a reasonable distance from other vehicles on the roadway;

hh. failed to signal his intent to stop his vehicle and/or suddenly decrease its speed on the highway;

ii. parked his vehicle on the highway when it could not be done with reasonable safety;

jj. operated his vehicle when he had continuously been on duty for more than twelve hours and/or without having at least eight consecutive hours off duty;

kk. operated his motor vehicle at an unreasonable rate of speed without due regard for the width, traffic and use of the roadway and the conditions then and there existing;

ll. operated his motor vehicle in a reckless and dangerous manner;

mm. failed to have and keep his vehicle under reasonable and proper control;

nn. failed to apply his brakes in a timely manner or otherwise turn his vehicle so as to avoid a collision;

oo. failed to sound his horn or otherwise warn of his impending approach;

pp. was inattentive and failed to keep a proper lookout while operating his motor vehicle when he knew said conduct was likely to cause a collision;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

qq. failed to exercise due care and caution and drove his vehicle directly into the front of the Plaintiff's vehicle thereby causing a collision;

rr. failed to make proper use of his faculties and senses so as to avoid a collision;

ss. failed to equip or maintain his motor vehicle with adequate brakes;

tt. failed to equip or maintain his motor vehicle with adequate and safe tires;

uu. operated his motor vehicle while operating a cellular telephone;

vv. operated his motor vehicle while typing, sending, and/or reading text messages from his cellular telephone;  and

ww.   failed under all the circumstances then and there existing to take reasonable and proper precautions to avoid the probability of harm to the Plaintiff.

19.    As a result of the negligence, carelessness and statutory violations of the Defendant Blanco, the Plaintiff sustained multiple injuries to various body parts, including, but not limited to his head, back and neck.  In addition, he suffered from, and continues to suffer from, a facial injury, with scarring, post traumatic headaches and a concussion.  As a result of his injuries he was caused to undergo an extensive course of medical treatments including, but not limited to, emergency care, diagnostic tests, x-rays, physical therapy, neurological treatment and prescription medications. In all likelihood, the Plaintiff's injuries are permanent in nature and will require additional medical care in the future. In addition, he suffered and will in the future continue to suffer great physical and mental pain and emotional distress.

20.    As a further result of the negligence, carelessness and statutory violations of the Defendant Blacno, the Plaintiff has suffered permanent and disfiguring scarring that will likely cause him great humiliation as well as physical and mental pain.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street ▪ P.O. Drawer 1430 ▪ New London, CT 06320 ▪ Tel. (860) 442-0444 ▪ Juris No. 102515

21.    As a further result of the negligence, carelessness and statutory violations of the Defendant Blanco, the Plaintiff was required to spend various sums of money for medical care, treatment, diagnostic testing and prescription medications necessitated by his injuries and will be obliged to spend further additional sums in the future for like services, all to his loss and damage.

22.    As a further result of the negligence, carelessness and statutory violations of the Defendant Blanco, the Plaintiff suffers an increased risk of future harm in that he has a greater susceptibility to further injury from trauma that may occur along with accompanying anxiety and fear in that regard.

23.    As a further result of the negligence, carelessness and statutory violations of the Defendant Blanco, the Plaintiff was prevented and will continue to be prevented from fully performing his daily activities and obtaining the full enjoyment of life.

24.    At all times mentioned herein, the Plaintiff was gainfully employed and, as a further result of said incident and the injuries resulting therefrom, has lost time from his employment and will likely lose additional time in the future, thereby suffering economic loss in the form of past and future lost wages and income, and diminution in his earning capacity.

## SECOND COUNT

### Recklessness pursuant to Connecticut General Statutes Section 14-295 as to Frank Blanco

25.    The Plaintiff incorporates by reference Paragraphs One (1) through Seventeen (17) of the Complaint as if fully set forth herein and further alleges as follows:

26.     The collision and resulting injuries and damages to the Plaintiff were caused by the recklessness and misconduct of the Defendant Blanco in one or more of the following respects, in that he:

    a. deliberately, and with reckless disregard, violated § 14-218a of the Connecticut General Statutes by operating his motor vehicle at an unreasonable rate of speed in heavy traffic without due regard for the width, traffic, use of said roadway and the conditions then and there existing; and

    b. deliberately, and with reckless disregard, violated § 14-222 of the Connecticut General Statutes by operating his motor vehicle recklessly at a high rate of speed in heavy traffic without regard to the width, traffic, use of the highway and the conditions then and there existing.

27.     Said reckless conduct and statutory violations were in violation of Connecticut General Statutes § 14-295 and were a substantial factor in causing the collision and the injuries and damages of the Plaintiff resulting therefrom.

28.     As a result of the reckless conduct and statutory violations of the Defendant Blanco, the Plaintiff sustained multiple injuries to various body parts, including, but not limited to his head, back and neck.  In addition, he suffered from, and continues to suffer from, a facial injury, with scarring, post traumatic headaches and a concussion.  As a result of his injuries he was caused to undergo an extensive course of medical treatments including, but not limited to, emergency care, diagnostic tests, x-rays, physical therapy, neurological treatment and prescription medications. In all likelihood, the Plaintiff's injuries are permanent in nature and will require additional medical care in the future. In addition, he suffered and will in the future continue to suffer great physical and mental pain and emotional distress.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street ● P.O. Drawer 1430 ● New London, CT 06320 ● Tel. (860) 442-0444 ● Juris No. 102515

29.     As a further result of the reckless conduct and statutory violations of the Defendant Blanco, the Plaintiff has suffered permanent and disfiguring scarring that will likely cause him great humiliation as well as physical and mental pain.

30.     As a further result of the reckless conduct and statutory violations of the Defendant Blanco, the Plaintiff was required to spend various sums of money for medical care, treatment, diagnostic testing and prescription medications necessitated by his injuries and will be obliged to spend further additional sums in the future for like services, all to his loss and damage.

31.     As a further result of the reckless conduct and statutory violations of the Defendant Blanco, the Plaintiff suffers an increased risk of future harm in that he has a greater susceptibility to further injury from trauma that may occur along with accompanying anxiety and fear in that regard.

32.     As a further result of the reckless conduct and statutory violations of the Defendant Blanco, the Plaintiff was prevented and will continue to be prevented from fully performing his daily activities and obtaining the full enjoyment of life.

33.     At all times mentioned herein, the Plaintiff was gainfully employed and, as a further result of said incident and the injuries resulting therefrom, has lost time from his employment and will likely lose additional time in the future, thereby suffering economic loss in the form of past and future lost wages and income, and diminution in his earning capacity.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

### THIRD COUNT

**Common Law Recklessness as to Frank Blanco**

34.      The Plaintiff incorporates by reference Paragraphs One (1) through Seventeen (17) of this Complaint as if fully set forth herein and further alleges as follows:

35.      The collision and resulting injuries and damages to the Plaintiff were caused by the recklessness and misconduct of the Defendant Blanco in one or more of the following respects, in that he recklessly or deliberately:

    a. operated his vehicle with conscious disregard for the safety of others, including the Plaintiff, by operating his motor vehicle at a high rate of speed in reverse in heavy traffic even though he knew or should have known of the risk and danger that such conduct created, yet ignored said risk and danger by driving his vehicle directly into the rear of the Plaintiff's vehicle.

36.      The reckless and wanton conduct of the Defendant Blanco, as aforesaid, was a substantial factor in causing the collision and the injuries and damages of the Plaintiff which resulted therefrom.

37.      As a result of the reckless conduct of the Defendant Blanco, the Plaintiff sustained multiple injuries to various body parts, including, but not limited to his head, back and neck.  In addition, he suffered from, and continues to suffer from, a facial injury, with scarring, post traumatic headaches and a concussion.  As a result of his injuries he was caused to undergo an extensive course of medical treatments including, but not limited to, emergency care, diagnostic tests, x-rays, physical therapy, neurological treatment and prescription medications. In all likelihood, the Plaintiff's injuries are permanent in nature and will require additional medical care in the future. In

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

addition, he suffered and will in the future continue to suffer great physical and mental pain and emotional distress.

38.    As a further result of the reckless conduct of the Defendant Blanco, the Plaintiff has suffered permanent and disfiguring scarring that will likely cause him great humiliation as well as physical and mental pain.

39.    As a further result of the reckless conduct of the Defendant Blanco, the Plaintiff was required to spend various sums of money for medical care, treatment, diagnostic testing and prescription medications necessitated by his injuries and will be obliged to spend further additional sums in the future for like services, all to his loss and damage.

40.    As a further result of the reckless conduct of the Defendant Blanco, the Plaintiff suffers an increased risk of future harm in that he has a greater susceptibility to further injury from trauma that may occur along with accompanying anxiety and fear in that regard.

41.    As a further result of the reckless conduct of the Defendant Blanco, the Plaintiff was prevented and will continue to be prevented from fully performing his daily activities and obtaining the full enjoyment of life.

42.    At all times mentioned herein, the Plaintiff was gainfully employed and, as a further result of said incident and the injuries resulting therefrom, has lost time from his employment and will likely lose additional time in the future, thereby suffering economic loss in the form of past and future lost wages and income, and diminution in his earning capacity.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

## FOURTH COUNT

### Negligence as to Frank Blanco and KRT Transportation LLC

43.     The Plaintiff incorporates by reference Paragraphs One (1) through

Fifteen (15) of this Complaint as if more fully stated herein and hereby further alleges as

follows:

44.     At the same time and place, the Defendant Blanco was operating the

tractor trailer truck in the course of his employment, agency, apparent agency and/or

servitude with the Defendant KRT.

45.     At the same time and place, the Defendant Blanco suddenly and without

warning drove his tractor trailer truck in reverse on North Frontage Road in the direction

of the Plaintiff's vehicle and in the opposite direction of traffic, causing a collision with

the Plaintiff's motor vehicle.

46.     Said collision and the resulting injuries and damages to the Plaintiff were

caused by the negligence, carelessness, and statutory violations of the Defendant

Blanco in that he:

> a.  violated § 14-243 (a) of the Connecticut General Statutes by moving
>     his vehicle from a stopped, standing or parked position when it could
>     not be done with reasonable safety and without interfering with other
>     traffic and/or without signaling;
>
> b.  violated § 14-243 (b) of the Connecticut General Statutes by backing
>     his vehicle when it could not be done with reasonable safety and
>     without interfering with other traffic;
>
> c.  violated § 14-240 of the Connecticut General Statutes by failing to
>     drive his vehicle a reasonable distance apart from other vehicles;
>
> d.  violated § 14-242 of the Connecticut General Statutes by failing to
>     signal his intent to stop and/or suddenly decrease the speed of his
>     vehicle on the highway;

e.  violated § 14-251 of the Connecticut General Statutes by parking his vehicle on the highway improperly;

f.  violated § 14-274 of the Connecticut General Statutes by operating his vehicle when he had been continuously on duty for more than twelve hours and/or without having at least eight consecutive hours off duty;

g.  violated § 14-222 of the Connecticut General Statutes by operating his vehicle recklessly without due regard for the width, traffic and use of the roadway and the conditions then and there existing;

h.  violated § 14-80h of the Connecticut General Statutes by failing to equip or maintain his motor vehicle with adequate brakes;

i.  violated § 14-98a of the Connecticut General Statutes by operating his motor vehicle with unsafe tires;

j.  violated § 14-296aa(b) of the Connecticut General Statutes by operating an electronic device while operating a motor vehicle;

k.  violated § 14-296aa(b)(1) of the Connecticut General Statutes by operating a motor vehicle while typing, sending, and/or reading text messages from his cellular telephone;

l.  violated 49 C.F.R. §390.3 by failing to comply with all applicable regulations as provided in 49 C.F.R. Subtitle B, Chapter III, Subchapter B;

m.  violated 49 C.F.R. § 391.11 by operating a commercial motor vehicle without meeting driver qualifications;

n.  violated 49 C.F.R. § 391.2 by failing to provide his trucking company with the requisite information in his application for employment;

o.  violated 49 C.F.R. §391.31 and/or 49 C.F.R. §391.33 by operating a commercial motor vehicle without having successfully completed a road test or equivalent thereof;

p.  violated 49 C.F.R. §391.41 by operating a commercial motor vehicle without being physically qualified to do so;

q.  violated 49 C.F.R. §392.1 by operating a commercial motor vehicle without complying with 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 392;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

r.  violated 49 C.F.R. § 392.2 by failing to obey the traffic laws of the state in which he was operating;

s.  violated 49 C.F.R. § 392.3 by operating a commercial motor vehicle with impaired ability and/or alertness;

t.  violated 49 C.F.R. § 392.7 by failing to complete a pre-trip inspection of: service brakes; trailer brake connections; parking brakes; steering mechanism; lighting devices and reflectors; tires; horn; windshield wiper(s); rear-vision mirror(s) and coupling devices;

u.  violated 49 C.F.R. § 392.9 by failing to inspect the commercial motor vehicle's load within the first 50 miles of driving and to reexamine the load after three hours or 150 miles as required by statute;

v.  violated 49 C.F.R. § 392.14  by failing to exercise extreme caution while operating a commercial motor vehicle in hazardous conditions;

w.  violated 49 C.F.R. § 392.80 by operating a commercial motor vehicle while texting;

x.  violated 49 C.F.R. § 392.82 by operating a commercial motor vehicle while using a hand-held mobile phone;

y.  violated 49 C.F.R. § 393.1 by operating a commercial motor vehicle that was not in compliance with the requirements of 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 393, including but not limited to, Subpart C- Brakes;

z.  violated 49 C.F.R. § 395.3 by failing to comply with requirements regarding rest periods and maximum consecutive driving hours;

aa. violated 49 C.F.R. § 395.8 by failing to maintain a driver duty status record;

bb. violated 49 C.F.R. §396.1 by failing to comply with the requirements of 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 396 regarding inspection, repair and maintenance;

cc. violated 49 C.F.R. § 396.7 by operating a motor vehicle in an unsafe condition;

dd. violated 49 C.F.R. § 396.13 by failing to inspect said commercial motor vehicle prior to operation;

ee. moved his vehicle from a stopped, standing or parked position when it could not be done with reasonable safety;

ff. backed up his vehicle when it could not be done with reasonable safety;

gg. failed to drive a reasonable distance from other vehicles on the roadway;

hh. failed to signal his intent to stop his vehicle and/or suddenly decrease its speed on the highway;

ii. parked his vehicle on the highway when it could not be done with reasonable safety;

jj. operated his vehicle when he had continuously been on duty for more than twelve hours and/or without having at least eight consecutive hours off duty;

kk. operated his motor vehicle at an unreasonable rate of speed without due regard for the width, traffic and use of the roadway and the conditions then and there existing;

ll. operated his motor vehicle in a reckless and dangerous manner;

mm.   failed to have and keep his vehicle under reasonable and proper control;

nn. failed to apply his brakes in a timely manner or otherwise turn his vehicle so as to avoid a collision;

oo. failed to sound his horn or otherwise warn of his impending approach;

pp. was inattentive and failed to keep a proper lookout while operating his motor vehicle when he knew said conduct was likely to cause a collision;

qq. failed to exercise due care and caution and drove his vehicle directly into the rear of the Plaintiffs' vehicle thereby causing a collision;

rr. failed to make proper use of his faculties and senses so as to avoid a collision;

ss. failed to equip or maintain his motor vehicle with adequate brakes;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

tt. failed to equip or maintain his motor vehicle with adequate and safe
tires;

uu. operated his motor vehicle while operating a cellular telephone;

vv. operated his motor vehicle while typing, sending, and/or reading text
messages from his cellular telephone; and

ww.   failed under all the circumstances then and there existing to take
reasonable and proper precautions to avoid the probability of harm to
the Plaintiff.

47.   As a result of the negligence, carelessness and statutory violations of the

Defendant Blanco, the Plaintiff sustained multiple injuries to various body parts,

including, but not limited to his head, back and neck. In addition, he suffered from, and

continues to suffer from, a facial injury, with scarring, post traumatic headaches and a

concussion. As a result of his injuries he was caused to undergo an extensive course of

medical treatments including, but not limited to, emergency care, diagnostic tests, x-

rays, physical therapy, neurological treatment and prescription medications. In all

likelihood, the Plaintiff's injuries are permanent in nature and will require additional

medical care in the future. In addition, he suffered and will in the future continue to

suffer great physical and mental pain and emotional distress.

48.   As a further result of the negligence, carelessness and statutory violations

of the Defendant Blanco, the Plaintiff has suffered permanent and disfiguring scarring

that will likely cause him great humiliation as well as physical and mental pain.

49.   As a further result of the negligence, carelessness and statutory violations

of the Defendant Blanco, the Plaintiff was required to spend various sums of money for

medical care, treatment, diagnostic testing and prescription medications necessitated by

his injuries and will be obliged to spend further additional sums in the future for like services, all to his loss and damage.

50.     As a further result of the negligence, carelessness and statutory violations of the Defendant Blanco, the Plaintiff suffers an increased risk of future harm in that he has a greater susceptibility to further injury from trauma that may occur along with accompanying anxiety and fear in that regard.

51.     As a further result of the negligence, carelessness and statutory violations of the Defendant Blanco, the Plaintiff was prevented and will continue to be prevented from fully performing his daily activities and obtaining the full enjoyment of life.

52.     At all times mentioned herein, the Plaintiff was gainfully employed and, as a further result of said incident and the injuries resulting therefrom, has lost time from his employment and will likely lose additional time in the future, thereby suffering economic loss in the form of past and future lost wages and income, and diminution in his earning capacity.

## FIFTH COUNT

### Negligence as to KRT Transportation LLC

53.     The Plaintiff incorporates by reference Paragraphs One (1) through Fifteen (15) of this Complaint as if more fully stated herein and hereby further alleges as follows:

54.     At the same time and place, the Defendant Blanco was operating the tractor trailer truck in the course of his employment, agency, apparent agency and/or servitude with the Defendant KRT.

55.    At the same time and place, the Defendant Blanco suddenly and without warning drove his tractor trailer truck in reverse on North Frontage Road in the direction of the Plaintiff's vehicle and in the opposite direction of traffic, causing a collision with the Plaintiff's motor vehicle.

56.    Said collision and the resulting injuries and damages to the Plaintiff were caused by the negligence, carelessness, and statutory violations of the Defendant KRT in that it:

a.    violated 49 C.F.R. § 390.3 by failing to teach the Defendant Blanco applicable regulations as provided in 49 C.F.R. Subtitle B, Chapter III, Subchapter B;

b.    violated 49 C.F.R. § 390.11 by failing to require observance of all applicable duties and prohibitions by the Defendant Blanco;

c.    violated 49 C.F.R. §391.11 by permitting an unqualified person to drive a commercial motor vehicle;

d.    violated 49 C.F.R. §391.23 by failing to check the Defendant Blanco's driver's history and references;

e.    violated 49 C.F.R. 391.25 by failing to do an annual inquiry and review of driving record for the Defendant Blanco;

f.    violated 49 C.F.R. § 392.3 by permitting the Defendant Blanco to operate a commercial motor vehicle with impaired ability and/or alertness;

g.    violated 49 C.F.R. § 392.6 by permitting and/or requiring the operation of a commercial motor vehicle in such a manner as would necessitate speeding;

h.    violated 49 C.F.R. § 392.9 by permitting the Defendant Blanco to operate a commercial motor vehicle with an improperly distributed load;

i.    violated 49 C.F.R. § 392.80 by permitting the Defendant Blanco to engage in texting while driving a commercial motor vehicle;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

j.  violated 49 C.F.R. § 392.82 by permitting the Defendant Blanco to use a hand-held mobile telephone while driving a commercial motor vehicle;

k.  violated 49 C.F.R. § 393.1 by failing to comply with the requirements and specifications of 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 393, including but not limited to, Subpart C- Brakes;

l.  violated 49 C.F.R. 395.3 by permitting and/or requiring the Defendant Blanco to operate a motor vehicle without complying with requirements regarding rest periods and maximum consecutive driving hours;

m.  failed to properly train and supervise their employees, agents and/or servants, including the Defendant Blanco, regarding the requirements of 49 C.F.R. § 395.8 and the proper maintenance of a driver duty status record;

n.  violated 49 C.F.R. 396.1 by failing to comply with the requirements of 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 396, regarding inspection, repair and maintenance;

o.  violated 49 C.F.R. §396.17 by failing to conduct periodic motor vehicle inspections of said commercial motor vehicle;

p.  failed to adequately evaluate and screen employees, agents and/or servants, including the Defendant Blanco, before permitting them to operate a tractor-trailer;

q.  failed to properly maintain and service their tractor-trailer vehicle;

r.  provided their employees, agents and/or servants with improperly maintained, improperly serviced and defective company motor vehicles;

s.  failed to hire an adequate number of employees, agents and/or servants as drivers to safely complete required tasks and responsibilities in a reasonable timeframe thereby preventing the need for said employees, agents and/or servants, including the Defendant Blanco, to rush from one task to another and to work fourteen hours without a break;

t.  allowed driver employees, agents and/or servants, including the Defendant Blanco, to operate company motor vehicles without proper instruction and training regarding the safe operation of a tractor-trailer;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

u. failed to obtain and review driving records for driver employees, agents and/or servants, including the Defendant Blanco, before permitting them to operate a company motor vehicle;

v. entrusted the Defendant Blanco with a company owned tractor-trailer motor vehicle to operate while in the course of his employ without first verifying and evaluating his ability to operate said motor vehicle safely; and

w. permitted the Defendant Blanco to drive a commercial motor vehicle without proper knowledge and/or training regarding maneuvering it on the highway.

57.     As a result of the negligence, carelessness and statutory violations of the Defendant KRT, the Plaintiff sustained multiple injuries to various body parts, including, but not limited to his head, back and neck.  In addition, he suffered from, and continues to suffer from, a facial injury, with scarring, post traumatic headaches and a concussion. As a result of his injuries he was caused to undergo an extensive course of medical treatments including, but not limited to, emergency care, diagnostic tests, x-rays, physical therapy, neurological treatment and prescription medications. In all likelihood, the Plaintiff's injuries are permanent in nature and will require additional medical care in the future. In addition, he suffered and will in the future continue to suffer great physical and mental pain and emotional distress.

58.     As a further result of the negligence, carelessness and statutory violations of the Defendant KRT, the Plaintiff has suffered permanent and disfiguring scarring that will likely cause him great humiliation as well as physical and mental pain.

59.     As a further result of the negligence, carelessness and statutory violations of the Defendant KRT, the Plaintiff was required to spend various sums of money for medical care, treatment, diagnostic testing and prescription medications necessitated by

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

his injuries and will be obliged to spend further additional sums in the future for like services, all to his loss and damage.

60.     As a further result of the negligence, carelessness and statutory violations of the Defendant KRT, the Plaintiff suffers an increased risk of future harm in that he has a greater susceptibility to further injury from trauma that may occur along with accompanying anxiety and fear in that regard.

61.     As a further result of the negligence, carelessness and statutory violations of the Defendant KRT, the Plaintiff was prevented and will continue to be prevented from fully performing his daily activities and obtaining the full enjoyment of life.

62.     At all times mentioned herein, the Plaintiff was gainfully employed and, as a further result of said incident and the injuries resulting therefrom, has lost time from his employment and will likely lose additional time in the future, thereby suffering economic loss in the form of past and future lost wages and income, and diminution in his earning capacity.

## SIXTH COUNT

### Negligence as to Bank Capitol Services, LLC

63.     The Plaintiff incorporates by reference Paragraphs One (1) through Fifteen (15) of this Complaint as if more fully stated herein and hereby further alleges as follows:

64.     At the same time and place, the tractor trailer truck operated by the Defendant Blanco was owned by the Defendant Bank Capital.

65.     At the same time and place, the Defendant Blanco was operating said tractor trailer truck with the knowledge, consent, permission and authority of its owner, the Defendant Bank Capital.

66.     At the same time and place, the Defendant Blanco suddenly and without warning drove his tractor trailer truck in reverse on North Frontage Road in the direction of the Plaintiff's vehicle and in the opposite direction of traffic, causing a collision with the Plaintiff's motor vehicle.

67.     Said collision and the resulting injuries and damages to the Plaintiff were caused by the negligence, carelessness, and statutory violations of the Defendant Bank Capital in that it:

a.  failed to adequately evaluate and screen agents, apparent agents and/or servants, including the Defendant Blanco, before permitting them to operate a tractor trailer trucks;

b.  failed to properly maintain and service their tractor-trailer vehicles;

c.  provided their agents, apparent agents and/or servants with improperly maintained, improperly serviced and defective company motor vehicles;

d.  allowed drivers of their tractor trailer trucks, including the Defendant Blanco, to operate leased motor vehicles without proper instruction and training regarding the safe operation of them;

e.  failed to obtain and review driving records for agents, apparent agents and/or servants, including the Defendant Blanco, before permitting them to operate leased motor vehicles;

f.  entrusted the Defendant Blanco with a tractor trailer truck to operate while in the course of his employ without first verifying and evaluating his ability to operate said motor vehicle safely; and

g.  permitted the Defendant Blanco to drive a commercial motor vehicle without proper knowledge and/or training regarding maneuvering it on the highway.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street ● P.O. Drawer 1430 ● New London, CT 06320 ● Tel. (860) 442-0444 ● Juris No. 102515

68.     As a result of the negligence, carelessness and statutory violations of the Defendant Bank Capital, the Plaintiff sustained multiple injuries to various body parts, including, but not limited to his head, back and neck.  In addition, he suffered from, and continues to suffer from, a facial injury, with scarring, post traumatic headaches and a concussion.  As a result of his injuries he was caused to undergo an extensive course of medical treatments including, but not limited to, emergency care, diagnostic tests, x-rays, physical therapy, neurological treatment and prescription medications. In all likelihood, the Plaintiff's injuries are permanent in nature and will require additional medical care in the future. In addition, he suffered and will in the future continue to suffer great physical and mental pain and emotional distress.

69.     As a further result of the negligence, carelessness and statutory violations of the Defendant Bank Capital, the Plaintiff has suffered permanent and disfiguring scarring that will likely cause him great humiliation as well as physical and mental pain.

70.     As a further result of the negligence, carelessness and statutory violations of the Defendant Bank Capital, the Plaintiff was required to spend various sums of money for medical care, treatment, diagnostic testing and prescription medications necessitated by his injuries and will be obliged to spend further additional sums in the future for like services, all to his loss and damage.

71.     As a further result of the negligence, carelessness and statutory violations of the Defendant Bank Capital, the Plaintiff suffers an increased risk of future harm in that he has a greater susceptibility to further injury from trauma that may occur along with accompanying anxiety and fear in that regard.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street ⬦ P.O. Drawer 1430 ⬦ New London, CT 06320 ⬦ Tel. (860) 442-0444 ⬦ Juris No. 102515

72.     As a further result of the negligence, carelessness and statutory violations of the Defendant Bank Capital, the Plaintiff was prevented and will continue to be prevented from fully performing his daily activities and obtaining the full enjoyment of life.

73.     At all times mentioned herein, the Plaintiff was gainfully employed and, as a further result of said incident and the injuries resulting therefrom, has lost time from his employment and will likely lose additional time in the future, thereby suffering economic loss in the form of past and future lost wages and income, and diminution in his earning capacity.

## SEVENTH COUNT

### Uninsured and/or Underinsured Motorist Claim as to GEICO General Insurance Company

74.     The Plaintiff incorporates by reference Paragraphs One (1) through Twelve (12) of this Complaint as if more fully stated herein and hereby further alleges as follows:

75.     The Defendant GEICO is and, at all times mentioned herein, was a corporation duly licensed to transact insurance in the State of Connecticut and to issue the policy of insurance referred to hereinafter.

76.     On or before October 30, 2015, in consideration of the premium specified in the policy, GEICO issued a policy of insurance wherein it agreed to pay all sums that an insured or their legal representative shall be legally entitled to recover as damages from the owner of an uninsured or underinsured motor vehicle because of bodily injury sustained by a covered person and caused by an accident arising out of the ownership, maintenance or use of the uninsured or underinsured motor vehicle. The Plaintiff was

and is insured under the terms of said policy, as he was and is a named insured at the time of the collision and has at all times complied with the terms and conditions of said policy.

77.     On October 30, 2015, when the policy was in full force and effect, the Plaintiff was traveling on an on ramp entering onto North Frontage Road in the City of New London, State of Connecticut, when an uninsured and/or underinsured motorist suddenly and without warning drove his tractor trailer truck in reverse on North Frontage Road in the direction of the Plaintiff's vehicle and in the opposite direction of traffic, causing a collision with the Plaintiff's motor vehicle. The collision caused the severe, permanent and disabling injuries to the Plaintiff as more specifically hereinafter set forth.

78.     The Plaintiff is legally entitled to recover any damages caused by the uninsured and/or underinsured motorist as the collision and resulting injuries to the Plaintiff were the result of the negligent maintenance and use of the uninsured and/or underinsured motor vehicle in one or more of the following respects, in that said uninsured and/or underinsured motorist:

> a.  violated § 14-243 (a) of the Connecticut General Statutes by moving his vehicle from a stopped, standing or parked position when it could not be done with reasonable safety and without interfering with other traffic and/or without signaling;
>
> b.  violated § 14-243 (b) of the Connecticut General Statutes by backing his vehicle when it could not be done with reasonable safety and without interfering with other traffic;
>
> c.  violated § 14-240 of the Connecticut General Statutes by failing to drive his vehicle a reasonable distance apart from other vehicles;
>
> d.  violated § 14-242 of the Connecticut General Statutes by failing to signal his intent to stop and/or suddenly decrease the speed of his vehicle on the highway;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

e. violated § 14-251 of the Connecticut General Statutes by parking his vehicle on the highway improperly;

f. violated § 14-274 of the Connecticut General Statutes by operating his vehicle when he had been continuously on duty for more than twelve hours and/or without having at least eight consecutive hours off duty;

g. violated § 14-222 of the Connecticut General Statutes by operating his vehicle recklessly without due regard for the width, traffic and use of the roadway and the conditions then and there existing;

h. violated § 14-80h of the Connecticut General Statutes by failing to equip or maintain his motor vehicle with adequate brakes;

i. violated § 14-98a of the Connecticut General Statutes by operating his motor vehicle with unsafe tires;

j. violated § 14-296aa(b) of the Connecticut General Statutes by operating an electronic device while operating a motor vehicle;

k. violated § 14-296aa(b)(1) of the Connecticut General Statutes by operating a motor vehicle while typing, sending, and/or reading text messages from his cellular telephone;

l. violated 49 C.F.R. §390.3 by failing to comply with all applicable regulations as provided in 49 C.F.R. Subtitle B, Chapter III, Subchapter B;

m. violated 49 C.F.R. § 391.11 by operating a commercial motor vehicle without meeting driver qualifications;

n. violated 49 C.F.R. § 391.2 by failing to provide his trucking company with the requisite information in his application for employment;

o. violated 49 C.F.R. §391.31 and/or 49 C.F.R. §391.33 by operating a commercial motor vehicle without having successfully completed a road test or equivalent thereof;

p. violated 49 C.F.R. §391.41 by operating a commercial motor vehicle without being physically qualified to do so;

q. violated 49 C.F.R. §392.1 by operating a commercial motor vehicle without complying with 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 392;

27
THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

r.   violated 49 C.F.R. § 392.2 by failing to obey the traffic laws of the state in which he was operating;

s.   violated 49 C.F.R. § 392.3 by operating a commercial motor vehicle with impaired ability and/or alertness;

t.   violated 49 C.F.R. § 392.7 by failing to complete a pre-trip inspection of: service brakes; trailer brake connections; parking brakes; steering mechanism; lighting devices and reflectors; tires; horn; windshield wiper(s); rear-vision mirror(s) and coupling devices;

u.   violated 49 C.F.R. § 392.9 by failing to inspect the commercial motor vehicle's load within the first 50 miles of driving and to reexamine the load after three hours or 150 miles as required by statute;

v.   violated 49 C.F.R. § 392.14 by failing to exercise extreme caution while operating a commercial motor vehicle in hazardous conditions;

w.   violated 49 C.F.R. § 392.80 by operating a commercial motor vehicle while texting;

x.   violated 49 C.F.R. § 392.82 by operating a commercial motor vehicle while using a hand-held mobile phone;

y.   violated 49 C.F.R. § 393.1 by operating a commercial motor vehicle that was not in compliance with the requirements of 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 393, including but not limited to, Subpart C- Brakes;

z.   violated 49 C.F.R. § 395.3 by failing to comply with requirements regarding rest periods and maximum consecutive driving hours;

aa. violated 49 C.F.R. § 395.8 by failing to maintain a driver duty status record;

bb. violated 49 C.F.R. §396.1 by failing to comply with the requirements of 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 396 regarding inspection, repair and maintenance;

cc. violated 49 C.F.R. § 396.7 by operating a motor vehicle in an unsafe condition;

dd. violated 49 C.F.R. § 396.13 by failing to inspect said commercial motor vehicle prior to operation;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

ee. moved his vehicle from a stopped, standing or parked position when it could not be done with reasonable safety;

ff. backed up his vehicle when it could not be done with reasonable safety;

gg. failed to drive a reasonable distance from other vehicles on the roadway;

hh. failed to signal his intent to stop his vehicle and/or suddenly decrease its speed on the highway;

ii. parked his vehicle on the highway when it could not be done with reasonable safety;

jj. operated his vehicle when he had continuously been on duty for more than twelve hours and/or without having at least eight consecutive hours off duty;

kk. operated his motor vehicle at an unreasonable rate of speed without due regard for the width, traffic and use of the roadway and the conditions then and there existing;

ll. operated his motor vehicle in a reckless and dangerous manner;

mm.  failed to have and keep his vehicle under reasonable and proper control;

nn. failed to apply his brakes in a timely manner or otherwise turn his vehicle so as to avoid a collision;

oo. failed to sound his horn or otherwise warn of his impending approach;

pp. was inattentive and failed to keep a proper lookout while operating his motor vehicle when he knew said conduct was likely to cause a collision;

qq. failed to exercise due care and caution and drove his vehicle directly into the rear of the Plaintiffs' vehicle thereby causing a collision;

rr. failed to make proper use of his faculties and senses so as to avoid a collision;

ss. failed to equip or maintain his motor vehicle with adequate brakes;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

tt. failed to equip or maintain his motor vehicle with adequate and safe tires;

uu. operated his motor vehicle while operating a cellular telephone;

vv. operated his motor vehicle while typing, sending, and/or reading text messages from his cellular telephone; and

ww.   failed under all the circumstances then and there existing to take reasonable and proper precautions to avoid the probability of harm to the Plaintiff.

79.    As a result of the negligence, carelessness and statutory violations of said uninsured and/or underinsured motorist, the Plaintiff sustained multiple injuries to various body parts, including, but not limited to his head, back and neck. In addition, he suffered from, and continues to suffer from, a facial injury, with scarring, post traumatic headaches and a concussion. As a result of his injuries he was caused to undergo an extensive course of medical treatments including, but not limited to, emergency care, diagnostic tests, x-rays, physical therapy, neurological treatment and prescription medications. In all likelihood, the Plaintiff's injuries are permanent in nature and will require additional medical care in the future. In addition, he suffered and will in the future continue to suffer great physical and mental pain and emotional distress.

80.    As a further result of the negligence, carelessness and statutory violations of said uninsured and/or underinsured motorist, the Plaintiff has suffered permanent and disfiguring scarring that will likely cause him great humiliation as well as physical and mental pain.

81.    As a further result of the negligence, carelessness and statutory violations of said uninsured and/or underinsured motorist, the Plaintiff was required to spend various sums of money for medical care, treatment, diagnostic testing and prescription

medications necessitated by his injuries and will be obliged to spend further additional sums in the future for like services, all to his loss and damage.

82.     As a further result of the negligence, carelessness and statutory violations of said uninsured and/or underinsured motorist, the Plaintiff suffers an increased risk of future harm in that he has a greater susceptibility to further injury from trauma that may occur along with accompanying anxiety and fear in that regard.

83.     As a further result of the negligence, carelessness and statutory violations of said uninsured and/or underinsured motorist, the Plaintiff was prevented and will continue to be prevented from fully performing his daily activities and obtaining the full enjoyment of life.

84.     At all times mentioned herein, the Plaintiff was gainfully employed and, as a further result of said incident and the injuries resulting therefrom, has lost time from his employment and will likely lose additional time in the future, thereby suffering economic loss in the form of past and future lost wages and income, and diminution in his earning capacity.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street  •  P.O. Drawer 1430  •  New London, CT 06320  •  Tel. (860) 442-0444  •  Juris No. 102515

**WHEREFORE**, the Plaintiff prays for relief against the Defendants as follows:

1) Compensatory damages of $1 million, in excess of the amount required for federal diversity jurisdiction, and in an amount to fully compensate the Plaintiff for all of his injuries and damages, both past and present;

2) Special damages, in excess of the amount required for federal diversity jurisdiction and in an amount to fully compensate the Plaintiff for all of his injuries and damages, both past and present, including but not limited to, past and future medical expenses, costs for past and future rehabilitation and/or home health care, lost income, permanent disability, including permanent instability and loss of balance, pain and suffering, mental distress and loss of the ability to carry out all of life's activities;

3) Punitive damages;

4) Double and triple damages as allowed by law;

5) Attorneys' fees, expenses and costs of this action;

6) Pre-judgment and post-judgment interest in the maximum amount allowed by law; and,

7) Such further relief as the Court deems necessary, just and proper.
   Plaintiff demands a trial by jury of all claims asserted in his Complaint.

Dated:  June 30, 2017

Respectfully submitted,

By: /s/ Kelly E. Reardon (ct28441)
Kelly E. Reardon (ct28441)
THE REARDON LAW FIRM, P.C.
160 Hempstead St.
P.O. Drawer 1430
New London, CT   06320
Phone:  860-442-0444
Fax:  860-444-6445
Email:  kreardon@reardonlaw.com